PER CURIAM:
Claimants brought this action for costs incurred in trimming and topping numerous trees adjacent to their property and U.S. Route 40 in Ohio County. These costs allegedly arise from respondent’s representation that the trees were located on claimants’ property. However, it was later determined that the trees were within *320 respondent’s right of way. Respondent was responsible at all times herein for the maintenance of U.S. Route 40 in Ohio County. The Court is of the opinion to deny this claim for the reasons set forth more fully below.
Claimants own real estate adjacent to U.S. Route 40 in Valley Grove, Ohio County which is located near the Pennsylvania State line. Claimants have numerous trees near the edge of their property line adjacent to respondent’s right of way along U.S. Route 40. Their residence is located several yards from the road. The facts and circumstances giving rise to this claim began in May 2001, when an individual was accidentally struck and killed by a vehicle while directing traffic around a tree which had fallen onto U.S. Route 40. This tragic incident occurred near claimants’ property causing them to be concerned about preventing future incidents regarding tree falls. Claimant Douglas Plock called respondent’s Triadelphia office the day after that incident to inquire whether a crew would be coming to the area near their home to remove any dangerous trees near U.S. Route 40. Mr. Plock stated that the individual he spoke to had no information regarding the removal of trees but he was told that the respondent’s right of way was thirteen feet from the edge of the road. Mr. Plock testified that based upon this information he determined that there were numerous trees on his property near U.S. Route 40. He was of the opinion that he was responsible for trimming and cutting some of these trees to protect the traveling public and to avoid potential liability. Thereafter, claimants hired a tree service company sometime in the middle of August 2001, and they bought a “wood chipper” machine to help clean up the debris. He stated that he informed the company to take out those trees that looked as if they were going to fall onto the road, otherwise he wanted the tree limbs cut and the trees topped. He also testified that he was going to clean up the debris in order to save money. Claimants incurred expenses in the amount of $795.00 as a result of this work. However, Mr. Plock returned home from work one day in late October 2001, to find that all of the trees he had professionally trimmed and topped were now completely cut down. He testified that he called respondent’s Triadelphia office to see what had happened. He was informed that respondent’s right of way was thirty-three feet from the centerline and that the trees had been previously scheduled to be cut down.
Claimants contend that they reasonably relied to their detriment upon respondent’s representation that its right of way was thirteen feet from the edge of the road, whereas the actual right of way extended thirty-three feet from the centerline. Thus, claimants incurred unnecessary expenses in having trees trimmed and topped that were the responsibility of respondent.
Respondent asserts that claimants were not under an obligation to have the trees trimmed and topped and did so of their own accord making them volunteers. Further, claimants should have known where their property line was located and their reliance on the representation of one of respondent’s employees was not reasonable under the circumstances.
Milton M. Davis, Jr., a County Highway Administrator II for respondent in Ohio County, testified that he is familiar with the location where this incident occurred along U.S. Route 40 and that he is responsible for the supervision of road maintenance at this location. Mr. Davis testified that after the individual was killed while trying to remove a downed tree off of U.S. Route 40, there were liability concerns regarding the remaining trees near that location. He also testified that Mr. Plock called respondent’s local office regarding the trees on and near his property. *321 According to Mr. Davis, he also asked about the width of respondent’s right of way along U.S. Route 40 in front of his property. Although Mr. Davis was not sure with whom Mr. Plock spoke, he does believe that someone from respondent’s local office told him that respondent’s right of way was thirteen feet from the edge of theroad. However, Mr. Davis testified that respondent researched the situation after Mr. Plock’s inquiry and determined that respondent’s right of way was, in fact, sixty-six feet in total width. The right of way extends thirty-three feet from the centerline in both directions. Based upon this information, respondent hired a contractor to remove select trees within one mile of the area at issue including the trees in front of claimants’ property. Mr. Davis testified that the trees within respondent’s right of way and adjacent to claimants’ property had been groomed prior to respondent’s cuttingthe trees down, but he is not sure when this was done. However, he is certain that all the trees that respondent cut down adjacent to claimants’ property were within respondent’s right of way.
The Court is of the opinion that respondent is not liable for the costs incurred by the claimants in this claim. The evidence adduced at the hearing of this matter established that claimants ’ relianc e upo n resp ond ent’ s representation was not reasonable in that Mr. Plock called one of respondent’s local offices and spoke to an unknown individual who provided incorrect information that the width of respondent’s right of way was thirteen feet from the edge of the pavement at this location. Based solely upon this information, claimants employed professionals to trim and top the trees. Claimants had a duty to ascertain their own property boundary line. Therefore, the Court is of the opinion that claimants’ reliance upon the representation of one of the respondent’s employees under these circumstances was not reasonable.
Therefore, in view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.